IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT LEE SMITH,               )
                                )
          Petitioner,           )
                                )        1:17CV94
     v.                         )        1:15CR166-1
                                )
UNITED STATES OF AMERICA,       )
                                )
          Respondent.           )


**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

This matter is before the court on Petitioner's motion to vacate, set aside, or correct sentence made pursuant to 28 U.S.C. § 2255. (Doc. 41.) Petitioner also filed a brief to support his § 2255 motion. (Doc. 42.) The Government has filed a response, (Doc. 45), and Petitioner filed a reply, (Doc. 47). The issues are ripe for ruling. For the reasons that follow, this court will dismiss Petitioner's motion.

## I.    BACKGROUND

Petitioner was charged in a one-count Indictment alleging a violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) On November 16, 2015, Petitioner proceeded to trial upon his plea of not guilty. (Minute Entry 11/16/2015). On November 17, 2015, Defendant was found guilty by a jury. (Doc. 20.) On March 29, 2016, Petitioner

was sentenced to 106 months of imprisonment. (Judgment (Doc. 26); Minute Entry 03/29/2016.) Petitioner appealed the conviction and sentence. (Doc. 28.) On December 22, 2016, the Fourth Circuit Court of Appeals affirmed. (Doc. 39.)

On February 2, 2017, Petitioner filed this motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Motion to Vacate, Set Aside or Correct Sentence ("Pet'r's Mot.") (Doc. 41).)

II.  **ANALYSIS**

Petitioner raises three grounds for relief in his petition. Grounds One and Two allege ineffective assistance of trial counsel. (Pet'r's Mot. (Doc. 41) at 4, 5.)[1] Ground Three alleges ineffective assistance of counsel by trial counsel and appellate counsel. (Id. at 6.) Each of these alleged grounds for relief will be more specifically addressed in the analysis of each respective ground for relief.

Notably, Petitioner appears to raise a fourth ground for relief in his brief, one which he did not raise in his petition. (See Doc. 42.) Because this ground for relief is procedurally

---

[1]  All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

improper, it will be addressed separately as a fourth ground for relief.

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

To demonstrate ineffective assistance of counsel, as alleged here, a petitioner must establish: (1) that his attorney's performance fell below a reasonable standard for defense attorneys, and (2) that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). With respect to the first prong, the petitioner bears the burden of affirmatively showing that his counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms. Id. at 688-89; Spencer v. Murray, 18 F.3d

229, 233 (4th Cir. 1994). With respect to the second prong, the petitioner must show that prejudice resulted from the deficient performance, that is, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." Spencer, 18 F.3d at 233 (quoting Strickland, 466 U.S. at 694). To obtain a hearing or any form of relief, "a habeas petitioner must come forward with some evidence that the claim might have merit." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogated on other grounds as recognized by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). The petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), vacated on other grounds, 218 F.3d 310 (4th Cir. 2000) (en banc).

### A. Ground One: Ineffective Assistance by Trial Counsel

In Ground One, Petitioner alleges trial counsel was ineffective for failing to file a pretrial motion to dismiss the Indictment. (Pet'r's Mot. (Doc. 41) at 4.) As to this ground, Petitioner alleges specifically that the Indictment failed to

state in writing that Petitioner was charged with "Possession of a Firearm by a Convicted Felon," (Pet'r's Br. (Doc. 42) at 2), and that the Indictment failed to specify the prior felony conviction underlying the alleged violation of 18 U.S.C. § 922(g)(1), (id.). This argument is without merit.

> An indictment must generally state the necessary elements of the charged offense, accompanied by a statement of facts supporting the charge and informing the defendant of the specific conduct alleged to constitute the offense. United States v. Perry, 757 F.3d 166, 171 (4th Cir. 2014); see United States v. Brandon, 150 F. Supp. 2d 883, 884 (E.D. Va. 2001) (citing Hamling v. United States, 418 U.S. 87, 117 (1974)).

United States v. Justus, No. 1:15CR79-1, 2015 WL 2151909, at *1 (M.D.N.C. May 7, 2015). Defendant does not dispute that the Indictment stated the elements of the charged offense, which is sufficient. "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'" Hamling v. United States, 418 U.S. 87, 117 (1974) (quoting United States v. Carll, 105 U.S. 611, 612 (1882)). The Indictment in this case was sufficient, and Petitioner's allegations to the contrary are merely conclusory suggestions that fail to establish any defect in the Indictment. "[V]ague

and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the [d]istrict [c]ourt." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)). Petitioner's first ground for relief is without merit on its face and should be dismissed.

   **B.     Ground Two: Failure of Trial Counsel to Object to the Psychological Evaluation**

   In Ground Two, Petitioner contends trial counsel was ineffective for failing to request a hearing on Petitioner's competence to stand trial. (Pet'r's Mot. (Doc. 41) at 5.) Petitioner suggests Dusky v. United States, 362 U.S. 402 (1960), controls. (Pet'r's Br. (Doc. 42) at 2-3.)

   In Dusky, the Court reversed a finding that a defendant was competent to stand trial, holding that:

>       it is not enough for the district judge to find that
>       the defendant (is) oriented to time and place and
>       (has) some recollection of events,' but that the test
>       must be whether he has sufficient present ability to
>       consult with his lawyer with a reasonable degree of
>       rational understanding — and whether he has a rational
>       as well as factual understanding of the proceedings
>       against him.

Dusky, 362 U.S. at 402 (internal quotations omitted). In the present case, Petitioner appears to argue that because a court in this district granted a motion for a psychological examination, it then became necessary for a court to hold a

competency hearing. Petitioner further contends trial counsel

was ineffective for failing to request such a hearing. This

court disagrees.

Petitioner's psychological evaluation was filed. The

examiner, in summary, concluded Petitioner was competent to

proceed with trial:

> At the present time, Mr. Smith appears competent to
> proceed. Although he is diagnosed with a substance
> abuse disorder and antisocial behavior, his mental
> functioning does not prohibit him from being able to
> effectively proceed with his case. As discussed in the
> clinical formulation, memory functioning may be
> impacted by a variety of factors . . . . A change in
> any of these domains could impact his overall
> functioning. . . . That being said, at the writing of
> this evaluation, his mental functioning appears to be
> stable and it is likely that it will remain so for the
> foreseeable future.

(Doc. 14 at 14.) Similarly, the examiner concluded Defendant was

competent at the time of the offense:

> Based on available information, it is my opinion that,
> at the time of the commission of the acts constituting
> the alleged offense, Mr. Smith did not have symptoms
> of a severe mental disease or defect which would have
> precluded his ability to appreciate the nature and
> quality or wrongfulness of his actions.

(Id. at 17.)

18 U.S.C. § 4241 requires a court to order a competency

hearing if it has "reasonable cause to believe that the

defendant may presently be suffering from a mental disease or

defect rendering him mentally incompetent to the extent that he

is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). "'Medical opinions are usually persuasive evidence on the question of whether a sufficient doubt exists as to the defendant's competence' to require a competency hearing." United States v. General, 278 F.3d 389, 398 (4th Cir. 2002) (quoting United States v. Mason, 52 F.3d 1286, 1290 (4th Cir. 1995)).

The medical opinions rendered by the examiner raise no doubt as to Petitioner's competence; indeed, the examiner specifically found Petitioner was competent. Petitioner points to no evidence which would have required a competency hearing or, more pointedly, Petitioner presents no evidence that might suggest he was not competent at the time of trial or at the time of the offense. In the absence of any such facts, Petitioner cannot complain about counsel's failure to request a hearing where no basis for a competency hearing existed and the court not only could have, but also would have denied that request. See Burket v. Angelone, 208 F.3d 172, 192 (4th Cir. 2000) (noting that to make a claim that a trial court failed to hold a hearing, "the petitioner must establish that the state trial court ignored facts raising a 'bona fide doubt' regarding the

petitioner's competency to stand trial" (quoting Pate v. Robinson, 383 U.S. 375, 385 (1966))).

Furthermore, to establish ineffective assistance of counsel, Petitioner "bears the burden of affirmatively proving prejudice." Bowie, 512 F.3d at 120. If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." Rhynes, 196 F.3d at 232. To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. Petitioner fails to show that there is any reasonable probability the result of this proceeding would have been different had counsel indeed requested a competency hearing.

"[T]he files and records conclusively show that the prisoner is entitled to no relief, [and] summary dismissal is appropriate." Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). This claim will be dismissed.

C.  **Ground Three: Trial Counsel's Failure to Object to a 2-Level Adjustment for Brandishing or Discharging**

Petitioner argues that the trial court improperly imposed a two-level adjustment for brandishing or discharging the firearm, and that trial counsel was ineffective for failing to object and appellate counsel was ineffective for failing to pursue this

matter on appeal. (Pet'r's Mot. (Doc. 41) at 6-7.) Petitioner does not address this matter further in his brief and offers no specific facts to support this argument. "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the [d]istrict [c]ourt." Dyess, 730 F.3d at 359. Because this issue is without merit, it will be dismissed.

Defendant did not receive the two-level adjustment about which he appears to complain. (See PSR (Doc. 25) at 5.) Instead, his guideline range was calculated by a cross-reference to Felony Attempted Murder, with a corresponding base offense level of 27. (Id.) No specific offense characteristics were applied.

This claim will be dismissed.

D.    **Fourth Ground for Relief: Alleged Failure of Counsel to Advise Petitioner of His Right to Testify**

Apparently as a fourth ground for relief, Petitioner argues in the "Appellant Pro Se Brief or in the Alternative Memorandum of Law on Point Herein Pursuant to Meritful Grounds or Issues in Regards to the Anders Notice Filed Herein," (Pet'r's Br. (Doc. 42) at 1), that counsel failed to inform Petitioner of his right to testify, (id. at 3). That issue is not raised in any form in the 2255 Petition. (See generally Pet'r's Mot. (Doc. 41).) That fact is significant.

Petitioner has not complied with Rule 2(b)(5) of the Rules

Governing Section 2255 Proceedings, which requires that a motion

filed pursuant to that section "be signed under penalty of

perjury by the movant or a person authorized to sign it for the

movant." While Petitioner submitted his 2255 petition under

penalty of perjury, (Pet'r's Mot. (Doc. 41) at 12), he did not

similarly execute his accompanying brief under penalty of

perjury, (Pet'r's Br. (Doc. 42) at 4). Although it may be argued

that a district court should allow a Petitioner to supplement

the record by submitting the petition under oath or by attaching

an affidavit rather than deny the petition, see Kafo v. United

States, 467 F.3d 1063, 1068–71 (7th Cir. 2006), Petitioner's

failure to comply with Rule 2 is not simply a technical failure

on his part, but a significant deficiency in his presentation of

evidence.

The United States responded to Petitioner's 2255 Motion;

that response included, inter alia, an affidavit from trial

counsel. (Gov't's Response (Doc. 45), Attach. 2, Affidavit of

Kathleen A. Gleason ("Gleason Aff.") (Doc. 45-2).) In that

affidavit, trial counsel states:

> 10. After the competency evaluation was
> returned, I met with Mr. Smith six separate times to
> prepare for trial. Mr. Smith and I discussed his right
> to testify at trial on multiple occasions, and each
> time we did so he responded with, "No way." Mr. Smith
> understood that if he testified, the Government would

likely be able to present evidence of his past
criminal history, which includes multiple assaults,
some of which involved shootings and one that resulted
in death, and multiple firearms convictions.

11.  Even though Mr. Smith was firm in his desire
not to testify in his own behalf, when the district
court asked during trial if there would be any
evidence for the defense I requested a brief recess to
confer with Mr. Smith to confirm one last time that he
did not want to testify. (See Trial Transcript Vol 1,
66:18-67:17.) During the recess, Mr. Smith again
stated that he did not want to testify.

(Gleason Aff. (Doc. 45-2) ¶¶ 10-11.)

Following receipt of the United States' response,

Petitioner was notified by letter from the Clerk of his right to

respond. (Doc. 46.) That letter provided as follows:

You have the right to file a 10-page reply brief in
opposition to the government's response. If the
respondent has filed an affidavit, your reply brief
may also be accompanied by counter-affidavits in
opposition to the affidavit submitted by the
government. You are reminded that affidavits must be
made on personal knowledge, contain facts admissible
in evidence, and be made by one shown to be competent
to testify. A false statement under oath or under
penalty of perjury may be a crime punishable as
provided by law. Ordinarily, uncontested motions are
granted. Therefore, your failure to file a reply brief
or, if appropriate, to file counter-affidavits in
rebuttal within the time allowed may cause the court
to conclude that the government's contentions are
undisputed. As a result, the court may dismiss your
suit or render judgment against you.

(Id.) Petitioner was clearly advised of his right to contest the

matters raised in an affidavit.

- 12 -

In spite of that warning, Petitioner did not file an
affidavit, nor did his reply address his complaint that counsel
allegedly failed to advise him with respect to his right to
testify. (See generally Doc. 47). To the contrary, Petitioner
appears to try to suppress the affidavit of counsel with a
frivolous argument that it violates the attorney client
privilege. (Id. at 2.) Petitioner states in the reply that he
"does not abandon or waive his [r]ight to argue the other three
(3) cognizable and meritfyul [sic] grounds cited . . . ." (Id.
at 2.) However, after two opportunities, Petitioner has failed
to present an affidavit or any facts, submitted under penalty of
perjury, that would support his claim that he was not advised of
his right to testify by trial counsel.

In the absence of any facts to suggest an issue of fact as
to whether trial counsel advised Petitioner of his right to
testify at trial, this court finds this claim should be
dismissed.

Even if the court were to consider Petitioner's unverified
allegations, those allegations are not sufficient to state a
claim on the facts presented. Petitioner alleges that:

> counsel failed to advise appellant as to his right to
> testify and tell his side of the story to the jury. As
> a matter of fact, when said defendant previously
> advised his attorney of his willingness to testify
> said attorney proceeded in not listening to said
> appellant . . . .

(Pet'r's Br. (Doc. 42) at 3.) Those allegations make it clear
that Petitioner was aware of his right to testify, as he
"previously advised his attorney of his willingness to testify."
Petitioner cannot claim to have advised his attorney of his
willingness to testify and then claim he was not aware of the
right to testify. Even without consideration of trial counsel's
compelling description of her advice to Petitioner of his right
to testify and the reasons she recommended for not testifying,
Petitioner's claim makes it clear he was aware of the right.

Giving Petitioner yet another favorable assumption does not
support his claim about his inability to testify. Even assuming
Petitioner was not advised of his right to testify, or that his
trial counsel prevented him from testifying, his claim of
ineffective assistance of counsel for failing to advise of the
right to testify fails as Petitioner has failed to demonstrate
prejudice. It is indisputable that a defendant in a criminal
trial has a constitutional right to testify on his own behalf.
See Rock v. Arkansas, 483 U.S. 44, 51-53 (1987). However,

> a criminal defendant's claim that his trial counsel
> was constitutionally ineffective because trial counsel
> failed to inform him of his right to testify or
> because trial counsel forced him to testify must
> satisfy the two-prong test established in Strickland
> v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80
> L. Ed. 2d 674 (1984).

In order to succeed on a claim of ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance was prejudicial.

Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998). To establish prejudice, Petitioner must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687.

With respect to the requirement that Petitioner show that counsel's deficient performance was prejudicial, Petitioner alleges that he was not told he could "testify and tell his side of the story to the jury." (Pet'r's Br. (Doc. 42) at 3.) This conclusory allegation falls far short of establishing prejudice. Petitioner presents no fact to suggest "his side of the story" would offer any reasonable probability that the verdict would have been different. Petitioner's "conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the [d]istrict [c]ourt." Dyess, 730 F.3d at 359.

Counsel's affidavit makes it clear that had Petitioner testified, it would have been detrimental to Petitioner. As counsel states, "Mr. Smith understood that if he testified, the Government would likely be able to present evidence of his past criminal history, which includes multiple assaults, some of

which involved shootings and one that resulted in death, and multiple firearms convictions." (Gleason Aff. (Doc. 45-2) at 3.) Petitioner offers no rebuttal to those facts, and Petitioner's criminal record included a conviction for Possession of a Firearm by a Felon in 2011 in North Carolina state court. (PSR (Doc. 25) ¶ 68.)

This court finds that Petitioner has failed to present any verified facts to support his claim. Even if the allegations presented are taken as true, Petitioner has not established that counsel did not discuss his right to testify. Even if the allegations presented support a finding that Petitioner was not advised of his right to testify, Petitioner has presented no fact or argument that suggest he was prejudiced by counsel's alleged failure to advise him of his right to testify.

"Where the files and records conclusively show that the prisoner is entitled to no relief, summary dismissal is appropriate." Raines, 423 F.2d at 529. This claim will therefore be dismissed.

III. **CONCLUSION**

Petitioner presents no basis upon which to find he is entitled to relief, as the files and records of the case conclusively show that Petitioner is not entitled to relief. Even assuming some error on the part of counsel, which does not

appear from this record, Petitioner has not shown any reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland*,* 466 U.S. at 694.

**IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 41), is **DENIED** and that this action is **DISMISSED WITH PREJUDICE.**

A judgment dismissing this action will be entered contemporaneously with the Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 23rd day of March, 2020.

_____
United States District Judge